UNITED STATES DISTRICT COURT
FOR THE EASTER DISTRICT OF NORTH CAROLINA
Western Division (Raleigh)
Case No. 5:15-CV-134-F

| | |
|---|---|
| Stephen Thomas Yelverton <br><br> Plaintiff <br><br> as Assignee of the claims of <br> Wade H. Atkinson, Jr. <br><br> v. <br><br> Phyllis Y. Edmundson <br><br> and <br><br> Yelverton Farms, Ltd. <br><br> Defendants | MOTION TO PROCEED <br> IN FORMA PAUPERIS |

COMES NOW, Appellant/Debtor Stephen Thomas Yelverton, pursuant to 28 U.S.C. 1915 (a)(1), and hereby submits this Motion to Proceed In Forma Pauperis in this civil suit. Attached hereto is the required Affidavit showing the inability of the Plaintiff to pay the filing fees, his entitlement to redress, and the Statement of "non-frivolous" Issues to be raised in the Complaint.

<u>Entitlement to In Forma Pauperis status</u>

<u>The Plaintiff's In Forma Pauperis status is the result of the actions of
Non-Creditor Edmundson in taking Assets of the Debtor Estate</u>

1. As demonstrated herein and in the attached Affidavit, the Plaintiff has <u>no</u> assets of any net value and regular income of only $917 per month from Social Security, plus some $250 per month in other payments. He has post-Discharge debts of over $100,000,

1

plus Non-Discharged obligations of at least $400,000, in domestic support, and monthly domestic support payments of $17,000. The Plaintiff is in a substantially worse financial situation than when he filed for Bankruptcy on May 14, 2009, and it is almost hopeless.

2. The insolvency and poverty of the Plaintiff is the direct result of non-Creditor Phyllis Edmundson, the sibling of the Debtor, who is a Bankruptcy "insider," taking for her personal benefit all the property of the Estate, through a yet to be consummated Settlement Agreement with the Chapter 7 Trustee, but where under 11 U.S.C. 507 and 11 U.S.C. 726 the Creditors have priority over non-Creditors, particularly Spousal Creditors, and where surplus goes to the Debtor.

3. Edmundson filed no Proof of Claims with the Bankruptcy Court against the Debtor or assets of the Estate, nor any Claims by her against the Debtor in any Court, or as to any assets of the Estate, and thus has no status as a Creditor.

4. On March 12, 2015, Wade H. Atkinson, Jr., assigned to the Plaintiff all of Atkinson's rights and interests in 1,333.3 shares of stock in Yelverton Farms, Ltd., a closely-held corporation, which the Plaintiff established in 1994, and personally funded with $700,000. The Plaintiff personally holds a Production Contract with Maxwell Foods, Inc., which provides all funding to the corporation. He received in 2014 an interest in purchasing the pig production operation for $1.2 Million, exclusive of the surrounding land.

5. Edmundson has been attempting to take for herself the $1.2 Million offer, and leave the Plaintiff a permanent pauper burdened with at least $400,000, in domestic support, and monthly domestic support payments of $17,000, with no means to pay.

6. As being under threat of losing all his assets to Edmundson, the Plaintiff has the right to <u>zealously</u> defend and protect in Court his legal and financial interests. <u>Naegle v. Albers</u>, 355 F.Supp.2d 129, 148 (D.D.C. 2005).

7. The Plaintiff has demonstrated entitlement to In Forma Pauperis status for this civil suit, with <u>no</u> payment of the filing fee. He is to be stripped of all his property by <u>non</u>-Creditor Edmundson, and he therefore has <u>no</u> funds to pay the filing fee to be able to defend his legal and financial interests, and to have a "fresh start" after Bankruptcy.

8. The Plaintiff has been unable to resume a professional career because of relentless and malicious personal attacks by Edmundson, both inside and outside the Courts, on his integrity and character. This is the result of a highly bitter 20-year long family feud.

9. The filing and prosecution of this new civil suit would <u>not</u> violate the "Gatekeeper" <u>Order</u> of the Wayne County Superior Court, issued April 7, 2014, for different and independent reasons. See, attached.

10. A Rule 59 motion was timely filed which stayed the effectiveness of the <u>Order</u>. The Plaintiff has received <u>no</u> notification that any action has been taken on this Rule 59 motion. Thus, he would be free to commence a new suit in Federal Court.

11. The Plaintiff filed in May 2014 in accordance with the "Gatekeeper" <u>Order</u>, a Motion for Leave to commence a new civil suit against Yelverton Farms, Ltd., for its Receivership, Liquidation, and Dissolution under N.C. General Statutes, Sections 55-14-30, *et seq*. The Plaintiff has received <u>no</u> notification that any action has been taken on this request. Thus, he would be free to commence a new suit in Federal Court, and where a state court has <u>no</u> authority to direct a Federal Court to bar jurisdiction.

12. The claims that are be pursued in this new civil suit formerly were owned by Atkinson, who was <u>not</u> subject to the "Gatekeeper" <u>Order</u>. Thus, it has <u>no</u> applicability.

13. As is demonstrated below, the Plaintiff has serious and substantial grounds for pursuing this civil suit that are "fair grounds" for litigation, and thus are "<u>non</u>-frivolous." <u>Phillip Morris USA, Inc.</u>, 449 F.Supp.2d 988, 990 (D.D.C. 2006).

<u>Statement of Serious and Substantial Issues that are "Fair Grounds" for Litigation</u>

(1) <u>Whether Yelverton as a stockholder of Yelverton Farms, Ltd., is entitled to a Receivership, Liquidation, and Dissolution of the corporation?</u>

14. On March 12, 2015, Atkinson assigned all his rights and interests in the stock of Yelverton Farms, Ltd., and all his litigation claims that arise from contract, to Yelverton. This assignment is effective March 12, 2015.

15. It is conclusive that Edmundson does <u>not</u> want under any circumstances for Yelverton to be a stockholder in the corporation. Thus, a serious and substantial question arises as to whether a Receivership of the corporation under N.C. General Statutes, Section 55-14-30 (ii) would be required?

16. Such a receivership must be expeditiously acted upon by the Trial Court "one way or the other." <u>Marzec v. Nye</u>, 203 N.C. App. 88, 98, 690 S.E.2d 537, 544-545 (N.C. App. 2010); <u>Poore v. Swan Quarter Farms, Inc.</u>, 119 N.C. App. 546, 459 S.E.2d 52, 55 (N.C. App. 1995).

(2) <u>Whether Quasi-Estoppel must be Invoked against Edmundson</u>

17. Since March 17, 2010, Edmundson has been representing that Atkinson became an owner on May 30, 2008, of 1,333,3 shares of stock in Yelverton Farms, Ltd., and she has benefited from his stock ownership. Thus, a serious and substantial question is raised as to whether "Quasi-Estoppel" must be invoked against Edmundson?

4

18. "Quasi-Estoppel," or "Estoppel by Benefit," provides that when a party takes and retains benefits under a transaction or instrument, which it has the right to accept or reject, that party's retention of the benefits acts to ratify the transaction or instrument such that the party cannot avoid its obligation or effect under the transaction or instrument by later taking a position inconsistent with the transaction or instrument. "Detrimental reliance" and "voluntariness" are irrelevant. <u>Carolina Medicorp v. Trustees</u>, 118 N.C. App. 485, 492, 456 S.E.2d 116, 120, 121 (N.C. App. 1985); <u>Whitacre Partnership v. Biosignia, Inc.</u>, 358 N.C. 1, 591 S.E.2d 870, 881-882 (N.C. 2004).

## Relief Requested

19. In view of the issues or matters to be pursued in a new civil suit being "fair grounds" for litigation, the requested relief for a waiver of the payment of the filings fees for the civil suit is justified.

## Conclusions

WHEREFORE, in view of the foregoing, it is requested that the Plaintiff be granted relief as to the filing fees.

This the 31st day of March, 2015,

I hereby affirm and verify under penalty of perjury that the allegations of my poverty herein and in the attached Affidavit are true and correct to the best of my knowledge and belief, and are believed in good faith to be true and correct.

Respectfully submitted,

Stephen Thomas Yelverton, Pro Se,
3033 Wilson Blvd., #E-117
Arlington, VA 22201
Tel: 202-702-6708
Fax: 202-403-3801
E-Mail: styelv@aol.com