IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

| | | |
|---|---|---|
| STEPHEN THOMAS YELVERTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:15-CV-00134-F |
| | ) | |
| PHYLLIS Y. EDMUNDSON and | ) | |
| YELVERTON FARMS, LTD., | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| STEPHEN THOMAS YELVERTON, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 5:16-CV-00031-F |
| | ) | |
| YELVERTON FARMS, LTD. | ) | |
| Defendant. | ) | |
| | ) | |

## **ORDER**

This matter is before the court on Plaintiff's motions [DE-68, -69] seeking
reconsideration or amendment of the court's October 12, 2016 Order (the "October Order"). For
the reasons that follow, the instant motions are DENIED.

## I. **RELEVANT PROCEDURAL HISTORY**

On March 31, 2015, Plaintiff filed a motion to proceed *in forma pauperis* in case number
5:15-CV-00134-F. The motion was allowed and Plaintiff's complaint was entered on that docket
on May 6, 2015. On January 19, 2016, Plaintiff filed a motion to proceed *in forma pauperis* in
case number 5:16-CV-00031-F. The motion was allowed and Plaintiff's complaint was entered
on that docket on January 25, 2016. On June 24, 2016, the court consolidated the two cases,

designating case number 5:15-CV-00134-F as the lead case. On June 30, 2016, the court referred, *inter alia*, motions to dismiss filed in both cases to United States Magistrate Judge Robert B. Jones, Jr. to prepare a Memorandum and Recommendation ("M&R"). On September 9, 2016, Judge Jones issued an M&R recommending dismissal of the complaint in the lead case. After considering Plaintiff's objections, the court adopted the Magistrate's recommendations and dismissed with prejudice the complaint filed in the lead case.[1]

## II.  DISCUSSION

Plaintiff moves in the alternative for reconsideration or amendment of the court's October 12, 2016 Order, depending on whether the October Order is considered interlocutory or final. The standard of review for interlocutory decisions under Fed. R. Civ. P. 54(b) differs from the standard applied to final judgments under Fed. R. Civ. P. 59(e).[2]  The court, therefore, first considers whether the October Order is properly considered interlocutory or final.

It is generally accepted that consolidated cases "retain their separate characters." *Ramirez-Rodriguez v. Wal-Mart Stores E., L.P.*, No. 5:12-CV-585-BO, 2013 WL 5885459, at *2 (E.D.N.C. Oct. 31, 2013). Thus, consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2382 (3d ed.) (quoting *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496 (1933)). Nonetheless, the circuit courts differ as to whether, when two cases are consolidated before the district court, judgment in one is considered interlocutory or final for purposes of appeal under 28 U.S.C. § 1291. The Fourth Circuit has adopted a case-by-case approach to determining the finality of an order

---

[1]      An M&R has not yet been filed regarding the motion to dismiss in case number 5:16-CV-00031-F.

[2]      The court notes at the outset that if the October Order is considered final, a motion under Fed. R. Civ. P. 59(e) is an improper vehicle for challenging it, as no judgment has been entered in either of the consolidated actions. Rather, the court would construe Plaintiff's Rule 59(e) motion as one pursuant to Fed. R. Civ. P. 60(b). *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (requiring liberal construction of *pro se* filings).

disposing of only one of two consolidated cases. *See Eggers v. Clinchfield Coal Co.*, 11 F.3d 35, 39 (4th Cir. 1993) (citing *Bergman v. City of Atl. City*, 860 F.2d 560, 566 (3d Cir. 1988); *Ivanov-McPhee v. Wash. Nat. Ins. Co.*, 719 F.2d 927, 930 (7th Cir. 1983); *Ringwald v. Harris*, 675 F.2d 768, 771 (5th Cir. 1982)). Factors the Fourth Circuit considers include:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time . . . [and] [(4)] miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Id.* at 39 n.5 (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331 (4th Cir. 1993)) (alterations in original).

Here, the consolidated actions share a single plaintiff and some common defendants. Further, the question of Plaintiff's stock ownership in Yelverton Farms, Ltd. is central to his claims in both actions. Separate appeals of each action would necessarily require the reviewing court to consider the issue twice—a waste of resources for the parties as well as the judiciary. Accordingly, the court treats the October Order as interlocutory, and as such, subject to Rule 54(b) of the Federal Rules of Civil Procedure.

Under Rule 54(b), the court may revise an interlocutory order at any time before the entry of a final judgment. *See Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Unlike motions to reconsider under Rules 59(e) and 60(b), no clear standard exists for analyzing a motion to reconsider an interlocutory order, beyond the understanding that the decision is "committed to the discretion of the district court." *Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 3738310, at *4 (E.D.N.C. July 29, 2014). Nevertheless, courts are guided by the factors applicable to those rules when considering motions under Rule 54(b). *See id.* (collecting cases). Thus, courts generally will reconsider an interlocutory order when:

3

"(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva L.L.C. v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 566 (M.D.N.C. 2005). Reconsideration is inappropriate "where it only asks the [c]ourt to rethink its prior decision, or presents a better or more compelling argument that the party could have presented in the original briefs on the matter." *Johnson*, 2014 WL 3738310, at *4 (quoting *Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, No. 1:10–MC–58, 2011 WL 6217061, at *6 (M.D.N.C. Dec. 14, 2011)).

Having reviewed the October Order, the court finds no basis for reconsideration. Plaintiff raises no arguments that were not or could not have been raised when the court originally considered the matter, nor does Plaintiff present new evidence. In short, Plaintiff's arguments fail to shake the court's confidence in its prior decision, either with regard to the legal standards set forth therein or the application of those standards to the facts presented.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motions [DE-68, -69] to reconsider, or in the alternative, to alter or amend the court's October 12, 2016 Order are DENIED.

SO ORDERED.

This, the _3v_ day of January, 2017.

James C. Fox

JAMES C. FOX
Senior United States District Judge

4